Mose Ashline *v.* Public Electric Light Co.

May Term, 1945.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed October 2, 1945.

*P. C. Warner* for the defendant.

*Sylvester & Ready* for the plaintiff.

Sturtevant, J.   This is a bill in chancery seeking to enjoin the defendant from removing an electric meter from the plaintiff's premises and from the collection of a bill for material and labor furnished by the defendant to the plaintiff.   The case was heard on bill and answer and evidence presented.   After findings of fact were filed a decree was entered ordering that the defendant recover from the plaintiff the sum of $14.70 for labor and materials furnished.   The defendant is enjoined from discontinuing electric service to the plaintiff's premises.   The case is here upon the defendant's exceptions.

From the findings the following material facts appear.   The defendant is a public service corporation serving the city of St. Albans with electric light and power.   The plaintiff lives on a farm within the territory served by the defendant.   In August, 1942, the plaintiff purchased a used electric refrigerator and took it to the defendant's place of business to have it put in running order.   It needed certain repair parts which were difficult to obtain because of conditions brought about by the war.   The refrigerator was put in good running order by the defendant, kept running three weeks

on defendant's floor and was delivered in good condition to the plaintiff in April, 1943. After it had been delivered to the plaintiff it ran but about one day when it stopped and was repaired by the G. S. Blodgett Co. in August, 1943, and has worked all right since that time. The defendant rendered a bill for labor and parts furnished for the refrigerator in the sum of $14.70 which the plaintiff refused to pay. On June 15, 1944, the defendant sent plaintiff a statement for electric current and also a bill for labor and repair parts for the refrigerator and to that bill attached a notice that "the electric service will be discontinued unless the overdue account is paid before June 23". The plaintiff paid the bill for current but refused payment of the bill for material and labor furnished in repairing the refrigerator. On June 23, 1944, the defendant caused the electric meter to be removed from the plaintiff's premises and on the next day, after service of a temporary injunction order on the defendant, the meter was again installed and the plaintiff has since had electric service. The materials and labor furnished for the repair of the refrigerator at the plaintiff's request were necessary and it was in good running order when delivered to the plaintiff after it had been repaired by the defendant. For such repairs the plaintiff is indebted to the defendant in the sum of $14.70. The decree states that the defendant is entitled to recover that sum from the plaintiff to pay for the aforementioned repairs. The decree also orders that the defendant is restrained and enjoined from discontinuing electric service at the premises of the plaintiff in aid of collecting the bill for repairs to the refrigerator so long as the plaintiff pays the bills now due or to become due for electric service furnished and to be furnished to the plaintiff's premises in accordance with the statements and under the terms of the billings of the defendant.

The case is here on exceptions by the defendant to the order in the decree granting the injunction restraining it from discontinuing electric service to the plaintiff's premises.

So far as here material, P. L. 6452 states: "A person, association, company or corporation engaged in the business of generating in this state electric energy and distributing the same for general sale for heating, lighting or power purposes or for any other public use, if and when requested so to do, at all reasonable times, shall sell and distribute the same to any and all persons, . . . that desire to use the same within this state for either or any of such

purposes. . . . The charges made by a person, company or corporation for electric energy so sold and distributed shall be reasonable; . . ."

This statute makes it the duty of a public service company, as therein designated, to sell electric power and light to any person within the territory served by it who wishes to purchase same. While the electric energy is to be sold to the customer, that is paid for by him, there is nothing in the statute directly or by implication that gives such public service corporation a right to refuse to furnish electric service to a customer in its territory because the customer is refusing to pay a bill for some collateral service such as repairing an electric refrigerator. Since the plaintiff was ready and willing to pay for the electric service demanded and had paid the defendant for all such service furnished at the time the defendant refused to furnish further service and removed the meter from the plaintiff's premises, such refusal and removal were without right or authority of law. That is, under the provisions of P. L. 6452 and other statutes relating to this matter, the defendant could not lawfully refuse to furnish electric service to the plaintiff because of the plaintiff's refusal to pay a bill for a collateral service. Such is the law in this state and also in other jurisdictions according to the great weight of authority. 20 CJ pp. 333, 334; Annotation in 55 ALR 771; 29 CJS pp. 540, 541.

The defendant has cited several cases in support of its contention. However not one of them support the proposition for which it is here contending, viz., that a public service company may discontinue its service to a customer to force the collection of a bill for a collateral service and, as we have already seen from the wording of our statute P. L. 6452, such is not the law.

*Judgment affirmed and cause remanded.*